UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ERIC S. BIRDSALL,   :   |   |
|     Plaintiff,   :   |   |
| :   |   |
| vs.   :   | Civil No. 3:04cv1757 (PCD) |
| :   |   |
| JO ANNE B. BARNHART,   :   |   |
| COMMISSIONER, SOCIAL   :   |   |
| SECURITY ADMINISTRATION,   :   |   |
|     Defendant.   :   |   |

**RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

Following this Court's Order granting the parties' Motion for Judgment and vacating the decision of the Commissioner of Social Security, Plaintiff filed the instant petition for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Defendant filed a partial opposition to Plaintiff's petition, arguing that the request should be denied or reduced because "special circumstances" make the requested award of attorney's fees unjust.

This case, seeking review of a decision of the Social Security Administration, was filed on October 20, 2004. The issue presented in this case was whether substantial evidence supported the Commissioner's final determination that real estate taxes paid by a mortgagee on behalf of the Plaintiff mortgagor resulted in unearned income to Plaintiff for purposes of determining his eligibility for Supplemental Security income. Generally, such payments do result in unearned income in the form of in-kind support and maintenance. 20 C.F.R. § 416.1130(b). Under Connecticut state law and the terms of the mortgage document in this case, however, such payments became part of the debt due to the mortgagee and therefore do not result in unearned income. Conn. Gen. Stat. § 49-2(a); Mortgage ¶ 7, Ex. A to Pl.'s Mot. to Reverse Comm'r Dec. As the real estate taxes paid by a mortgagee on behalf of Plaintiff are part of the mortgage debt,

these amounts do not result in any income in this case. 20 C.F.R. § 404.1103(f).  When counsel for the Commissioner determined that the payments in this case did not result in unearned income, Defendant voluntarily moved to remand the case to the Appeals Council "for a fully favorable decision." (Def.'s Mem. Supp. Mot. for Entry of Judgment 1.)  That motion was granted on May 30, 2006 and judgment entered and the case was closed on June 6, 2006.

On August 11, 2006, Plaintiff filed, pursuant to 28 U.S.C. § 2412, an application and affidavit for attorney's fees.  Plaintiff requests $1,822.50 in attorney's fees, representing 13.5 hours of work at the rate of $135 per hour.  The EAJA authorizes an award of attorney's fees and other costs against the United States to prevailing parties in civil actions pending on or commenced after October 1, 1981, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); see also Pierce v. Underwood, 487 U.S. 552, 559, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988).  The government does not argue that its position was "substantially justified," but claims that "special circumstances make an award unjust."

The Second Circuit has held, in a dispute over attorney's fees under the EAJA, that "where all of the fees were expended on discrete efforts that achieved no appreciable advantage, and where the claim of the prevailing parties rests largely on a result to which the claimant made no contribution, a district court may consider whether special circumstances render an award of attorney's fees less just." United States v. 27.09 Acres of Land, 43 F.3d 769, 773 (2d Cir. 1994).  Similarly, the Fifth Circuit has held that an attorney "is not entitled to fees for simply keeping the case alive to allow for the district court to reverse and remand the ALJ's decision based upon a case to which the attorney drew no attention and which may no longer require remand."

Contreras v. Barnhart, 79 Fed. Appx. 708, 709 (5th Cir. 2003) (citing 27.09 Acres, 43 F.3d at 773).

Although Plaintiff's counsel identified the correct issue, Plaintiff's Motion to Reverse the Decision of the Commissioner fails to cite to either the relevant State statute or to the paragraph of the mortgage which triggered the Commissioner's decision to voluntarily request remand of the case. Plaintiff's counsel also failed to ensure that the mortgage was admitted into evidence at the administrative level, so as to permit review of this document by the Appeals Council, which ultimately issued the final decision of the Commissioner which was unfavorable to Plaintiff.

Plaintiff requests attorney's fees for a total of 13.5 hours of work, 7.5 of which was devoted to reviewing the 86-page transcript and drafting a 6-page brief. Because Plaintiff's counsel, in the Memorandum in Support of Motion to Reverse the Decision of the Commissioner, failed to cite to the relevant state statute or the paragraph of the mortgage which triggered the decision to remand the case, the attorney's efforts in this regard "achieved no appreciable advantage" and made little contribution to the claim on which Plaintiff's case was remanded. Accordingly, Plaintiff is not entitled to attorney's fees for the 7.5 hours spent writing the brief.

Although this Court accepts the government's arguments with respect to Plaintiff's brief, the government's arguments with respect to the reasonableness of the time spent on other tasks are rejected. The 0.25 hours charged for obtaining an extension of time to write the brief, the 1.25 hours charged for drafting the Complaint, and the 1.5 hours charged for writing the EAJA petition are found to be reasonable and appropriate. Plaintiff's counsel also requests fees for another 3 hours of work, allotted to a number of various tasks, including, *inter alia*, "[o]ffice

consultation with client re appeal," "[t]ranscript receipt and review," and "receipt facsimilar of draft motion for judgment, agreement to same." The Court finds these requests to be reasonable and appropriate. Accordingly, this Court will award attorney's fees for 6 hours of work at the requested rate of $135 per hour,[1] for a total of $810.00.

For the foregoing reasons, Plaintiff's Motion for Attorney's Fees [Doc. No. 19] is **granted in part** and **denied in part**. Plaintiff is entitled to an award of attorney's fees under the EAJA at the rate set forth above, for a total award of $810.00.

SO ORDERED.

Dated at New Haven, Connecticut, January  11 , 2007.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court

---

[1] The EAJA provides that "attorney fees shall not be awarded in excess of $ 125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Under § 2412(d)(2)(A)(ii), district courts have discretion to determine whether an increase in the cost of living justifies a higher fee. See Begley v. Secretary of HHS, 966 F.2d 196, 199-200 (6th Cir. 1992); Headlee v. Bowen, 869 F.2d 548, 551-52 (10th Cir. 1989); Kerin v. U.S. Postal Serv., 218 F.3d 185, 194 (2d Cir. 2000). This court finds that an award at the rate of $135 per hour is reasonable and reflects cost-of-living increases since the enactment of the EAJA.